IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

MEDICAL EDUCATION INSTITUTE
COMPANY, d/b/a MEDICAL
MARIJUANA INSTITUTE, and
SILVIA ORIZABA KNILANS,

Plaintiffs,

v.

ICC HOLDINGS, LLC, d/b/a
AMERICAN CANNABIS ENTERPRISES,
and TIM McGRAW,

Defendants.

Case No. 15-cv-4497

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Silvia Orizaba Knilans ("Knilans"), an individual, and Medical Education Institute Company, an Illinois corporation doing business as Medical Marijuana Institute ("MMI"), by their attorney, Jeffrey H. Hornstein of The Hornstein Law Office, P.C., complains of defendants ICC Holdings, LLC ("ICC"), an Illinois limited liability company doing business as American Cannabis Enterprises ("ACE") and Tim McGraw, an individual, as follows:

1. This is an action for damages and injunctive relief under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*

2. Plaintiffs own the copyright on a book entitled *A Guide to Medical Cannabis-The Basics-Illinois* (the "*Guide.*") Defendants are infringing plaintiffs' copyright in the *Guide*. They took plaintiff's name off the *Guide*, put ICC's and ACE's name on the *Guide* and published and continue to publish copies of the *Guide* as their own creation without plaintiffs' permission.

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338 (copyright).

4. This court has personal jurisdiction over defendants and venue is proper in this district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400. Defendants reside in this judicial district and a substantial part of the events that gave rise to this action occurred in this judicial district.

5. Knilans is the sole owner of Medical Education Institute Company, an Illinois corporation that does business as Medical Marijuana Institute ("MMI"). The business of MMI is to provide educational services regarding the medical use of marijuana. MMI also provides consulting services to people who want to apply for licenses from the State of Illinois to cultivate or dispense medical marijuana

6. In 2014, Knilans and MMI received a copyright on the *Guide*. See Exhibit 1, Copyright Office Public Catalog. A copy of the *Guide* is attached as Exhibit 2.

7. Plaintiffs began publishing the Guide with the copyright symbol on it in March 2014.

8. Defendant McGraw is the sole manager of ACE Management LLC, an Illinois limited liability company ("ACE Management"). The initials "ACE" stand for American Cannabis Enterprises.

9. ACE Management is the sole manager of ICC Holdings LLC ("ICC"), which does business under the assumed name of American Cannabis Enterprises ("ACE"). Thus, McGraw is the *de facto* manager of ICC/ACE.

10. A few months after plaintiffs began publishing the *Guide*, McGraw asked Knilans if he could license the *Guide* for the purpose of applying to the State of Illinois for a license to operate a medical marijuana cultivation facility. Knilans told him the licensing fee for each commercial use of the *Guide* was $10,000.

11. McGraw told Knilans that he did not have enough money to pay $10,000 all at once to license the *Guide*. Knilans and McGraw agreed that McGraw would pay plaintiffs $10,000 over a period of five months at the rate of $2,000 per month. The licensing agreement was not put in writing.

12. McGraw only made the first two payments of $2,000. He refuses to pay any more.

13. Contrary to their licensing agreement, McGraw and ICC/ACE made several copies of the *Guide* and used it for multiple commercial purposes. They also published it to the State of Illinois as part of an application to the state of Illinois to obtain two licenses to operate medical marijuana facilities.

14. Plaintiffs had licensed the *Guide* to defendants for only a single such application.

15. In April 2015, plaintiffs learned that defendants had published a nearly identical copy of plaintiffs' *Guide* under the names of ACE and ICC. McGraw and ICC/ACE merely put a new cover on the *Guide* and changed the attribution of authorship. They put the name of American Cannabis Enterprises on the cover and retitled plaintiffs' *Guide* as *Cannabis 101 Illinois Edition* ("*Cannabis 101*"). A copy of *Cannabis 101* is attached hereto as Exhibit C.

16. McGraw and ICC/ACE used their access to the *Guide* to copy it and create *Cannabis 101*.

17. McGraw and ICC/ACC have published *Cannabis 101* to various audiences without plaintiffs' permission.

18. *Cannabis 101* states that the materials therein were "compiled, developed and distributed by ICC Holdings, LLC DBA American Cannabis Enterprises." This statement is false.

19. *Cannabis 101* is an exact copy of plaintiffs' *Guide* except for the title page and the attribution of authorship. It contains the same text, pictures and graphics as the *Guide* in an

identical format. MMI's logo even appears at the bottom of each page of *Cannabis 101* exactly as it does on each page of plaintiffs' *Guide*.

20. Plaintiffs never gave defendants permission to take plaintiff Silvia Orizaba Knilans' name off the *Guide*, which identifies her as Silvia Orizaba, or to put ACE's or ICC's name on it.

21. Defendants infringed and continue to infringe plaintiffs' copyright in the *Guide*. They did and do so willfully.

22. Defendants' conduct is causing irreparable harm to plaintiffs, and unless enjoined by this court, will continue to cause plaintiffs great and irreparable harm to plaintiffs' reputation and business opportunities that cannot fully be compensated or measured in money. Defendants are damaging plaintiffs' reputation and interfering with their business opportunities by using the *Guide* without permission and falsely passing off *Cannabis 101* as their own work. Plaintiffs have no adequate remedy at law.

23. Pursuant to 17 U.S.C. §§502 and 503, plaintiffs are entitled to injunctive relief that prohibits defendants from infringing plaintiffs' copyright and requires defendants to return to plaintiffs or to destroy all copies of the *Guide* and *Cannabis 101* in defendants' possession, custody or control.

**WHEREFORE,** plaintiffs Silvia Orizaba Knilans and Medical Education Institute Company doing business as Medical Marijuana Institute request the following relief:

1. A preliminary and permanent injunction that (1) requires defendants to return to plaintiffs or to destroy all copies in their possession, custody or control of the *Guide to Medical Marijuana-The Basics* or of *Cannabis 101 Illinois Edition* in any format, and (2) prohibits defendants' further use or possession for any purpose of the *Guide* or *Cannabis 101* except as licensed to them by plaintiffs.

4

2. An award of plaintiffs' lost profits.

3. For the accounting of, and the imposition of a constructive trust with respect to, defendants' profits attributable to their infringement of plaintiffs' copyright.

4. In the alternative to Paragraphs 2 and 3, an award of statutory damages of up to $150,000 per infringement to the extent permitted under 17 U.S.C. §504.

5. An award of plaintiffs' attorney's fees, costs and disbursements in this action.

6. Such other and further relief as this court may consider just.

    MEDICAL EDUCATION INSTITUTE COMPANY
    d/b/a MEDICAL MARIJUANA INSTITUTE and
    SILVIA ORIZABA KNILANS

/s/ Jeffrey H. Hornstein
Jeffrey H. Hornstein
The Hornstein Law Office, P.C.
1610 Highland Avenue
Wilmette, Illinois 60091
312-315-1221
jhhornstein@sbcglobal.net
Illinois Bar No. 6183106
Attorney for Plaintiffs